JOEL PARKER, receiver of the New Jersey Mutual Life Insurance Company,

*v.*

ABIEZER JAMESON.

1. Until a contract is put into writing, it is always subject to be changed or modified by parol; but after it is put into writing and executed, the writing itself, in the absence of fraud or mistake, must be taken as conclusive evidence of what were the ultimate intentions of the parties.

2. A defendant cannot, by answer alone, avail himself of the defence of fraud in the consideration of a mortgage, which does not go to the extent of a complete nullification of the instrument; but, to have the benefit of such a defence, he must have recourse to a cross-bill.

On final hearing on bill, answer and proofs.

*Mr. William S. Gummere*, for complainant.

*Mr. James Buchanan*, for defendant.

THE VICE-CHANCELLOR.

This suit is founded on a mortgage made by the defendant to the New Jersey Mutual Life Insurance Company, for $4,000, payable one year after date, with interest. The mortgage bears date May 29th, 1871. About the time of the delivery of the mortgage, the New Jersey Mutual Life Insurance Company insured the life of the defendant for $5,000, and issued a policy for that sum, payable to his wife. The main ground upon which the enforcement of the mortgage is resisted by the defendant is, that these two papers were delivered contemporaneously, under a parol agreement that the defendant was not to be required to pay the mortgage according to its terms; in other words, that he was not to be required to pay at the time stipulated in the mortgage, nor in money as required by the mortgage. Stated in the defendant's own words, the arrangement was

this: The interest accruing on the mortgage was to be paid by the dividends earned by the policy, and the defendant was not to be called upon to pay the principal until the policy became due, and then the mortgage was to be paid out of the money due on the policy.

No attempt has been made to reform the mortgage. When it was put in evidence, it stood in its original integrity. The defence is made on answer alone. The question, it will be perceived, is, whether this contemporaneous parol agreement can be given effect, under the present pleadings, so as to alter or vary the terms of the mortgage. The law upon this subject is elementary. It is part of the alphabet of the law evidence, that when the parties to a contract have deliberately put their engagements into writing, in such terms as to import a legal obligation, without any uncertainty as to the object or extent of their engagements, it is conclusively presumed that every part of their contract was reduced to writing; and all oral evidence, therefore, of what was said previously, or at the time the writing was executed, must be excluded, on the ground that the parties have made the writing the only evidence of what they agreed to, and whatever is not found there must be understood to have been waived and abandoned.

Undoubtedly a written agreement may be modified or altered by a parol agreement, if the parol is made subsequent to the written, but if they are made contemporaneously, the written must be taken, in the absence of fraud or mistake, to be the sole repository of the intention of the parties, and the only competent evidence of their agreement. Until a contract is reduced to writing and executed by the parties, it is always subject to such parol changes and modifications as the parties choose to make; but after it is put into writing and executed by the parties, the writing itself, in the absence of fraud or mistake, must be taken as conclusive evidence as to what were the ultimate intentions and purposes of the parties, and the only competent evidence of what they meant.

These are familiar principles, and need not be vouched for by the citation of authority. The case of *French* v. *Griffin, 3 C. E. Gr. 280* is, however, so exactly apposite, that I cannot forbear all mention of it. The defendant in that case alleged, by way of defence, that the complainants, at the making of the mortgage, had agreed by parol that he should not be required to pay the mortgage debt in money, as the mortgage required, but should have the right to pay it in work. Chancellor Zabriskie, in rejecting the defence, said: "If such bargain had been made, either before or after the execution of the papers, it could not affect the case; if made before, it would be considered changed and abandoned by the mortgage being given for payment in money, and not in work; if made afterwards, it could have no effect because without consideration. * * * * * If such bargain had been made at the time of the contract, it could not, at law, alter or change the written instrument. Nor could it have any effect in equity, except as giving a foundation to a suit to reform the instrument and correct the mistake in drawing it. A mortgage cannot be reformed upon an answer to a foreclosure bill."

Though these rules are rudimental, it is necessary occasionally to restate them, to rescue them from the forgetfulness which they, as well as other first principles, seem sometimes liable to fall into.

The rule is perfectly well settled in this court, that a defendant cannot, by simple answer, avail himself of the defence of fraud in the consideration of a mortgage, which does not go to the extent of a complete nullification of the instrument; but, to have the benefit of such a defence, he must have recourse to a cross-bill. *Miller* v. *Gregory, 1 C. E. Gr. 274; Graham* v. *Berryman, 4 C. E. Gr. 29; O'Brien* v. *Hulfish, 7 C. E. Gr. 471.*

This case is entirely free from the least suspicion of fraud, or even mistake. It is not alleged that either of the parties desired or intended that the parol agreement should form part of either of the written contracts. Both the mortgage

and the policy are, so far as the evidence shows, just pre-cisely what the parties intended they should be. Under this condition of facts, the defendant could take nothing by his defence, even if he was here on cross-bill, and no appre-hension need, therefore, be felt that there has been a failure of justice in consequence of unskillful pleading. The agree-ment set up by the defendant constitutes no defence to the complainant's action.

The other grounds of the defence, mentioned on the argument, do not require discussion. They are, in my judgment, without substance or merit.

Under the evidence now before the court, there is some uncertainty as to the amount of the payments which should be credited upon the mortgage debt. Unless counsel agree upon them, a reference will be ordered.